# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In Re Motion for Return of Seized Property, | Case No.: 2:09-cv-00419-RLH-PAL |
| Jerryl Lloyd Carrington, | **O R D E R** |
| Plaintiff. | (Motion for Reconsideration–#9) |

Before the Court is Plaintiff Jerryl Lloyd Carrington's **Motion for Reconsideration/Request for Certification to Take Interlocutory Appeal** (#9), filed April 13, 2009. The Court has also considered Las Vegas Metropolitan Police Department's ("LVMPD") Opposition (#13), filed May 1, 2009, and Carrington's Reply (#16), filed May 15, 2009.

Also before the Court is **Carrington's Points and Authorities as Requested in Court's Order of April 6, 2009** (#10), filed April 13, 2009. The Court has also considered LVMPD's Response (#11), filed April 20, 2009, and Carrington's Reply (#12), filed April 23, 2009.

## BACKGROUND

The Court's Order (#8), dated April 6, 2009, sets forth the facts giving rise to this case. In that Order, the Court concluded that it has federal question jurisdiction over Carrington's case and therefore denied his Motion to Remand (#4). The Court also characterized Carrington's

1

underlying Motion for Return of Seized Property (#4 Ex. A) as a preindictment motion to return property, and requested that the parties submit points and authorities to assist the Court in determining whether it has equitable jurisdiction to hear the underlying Motion. The parties complied with this request. In addition, Carrington filed a Motion for Reconsideration/Request for Certification to Take Interlocutory Appeal. For the reasons it gives below, the Court grants Carrington's Motion for Reconsideration, vacates its prior order, and remands this case to Eighth Judicial District Court in Clark County, Nevada.

**DISCUSSION**

**I.   Motion to Reconsider**

"Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Banks of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Carrington asks the Court to reconsider its Order (Dkt. #8) denying his Motion to Remand (Dkt. #4). Carrington's Motion causes the Court to again consider whether the Nevada state court has exclusive in rem jurisdiction over property sought in a preindictment motion for the return of seized property where no criminal proceedings are pending and where no forfeiture complaint has been filed.

"A long-standing common-law rule prohibits a court, whether state or federal, from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring) (citing *Penn Gen. Cas. Co. v. Pa.*, 294 U.S. 189, 195 (1935); *In re One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989)). "The rule against concurrent in rem proceedings is not a constitutional limitation upon the jurisdiction of the federal courts. Rather, it is a prudential limitation applied by the Supreme Court in the interest of judicial harmony. This does not mean, however, that the matter is within the discretion of the district court. The language of *Penn General* indicates that a federal court *must* yield to a prior state proceeding." *1985 Cadillac*, 866 F.2d at 1145 (citing *Penn Gen.*, 294 U.S. at 195) (emphasis in original). In cases like this, the

2

question of whether a state court has exercised in rem jurisdiction turns on the particular state law at issue. Subject to that law, courts have determined the state court has, or does not have, in rem jurisdiction. *See, e.g., Kama*, 394 F.3d at 1240–41 & n.2 (concluding Oregon's statutes governing warrants and seizures vested the state court with in rem jurisdiction over items seized, and citing cases with similar outcomes under Louisiana, New York, and Massachusetts statutes); *1985 Cadillac Seville*, 866 F.2d at 1145–46; *United States v. Certain Real Prop. 566 Hendrickson Boulevard*, 986 F.2d 990, 993–95 (6th Cir. 1993) (concluding Michigan forfeiture law did not preclude the federal district court from exercising jurisdiction over the res); 13F Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3631 (2009).

Citing Nevada Revised Statutes sections 179.075, 179.085, 179.105, and 179.1175, Carrington argues the Nevada state court has in rem jurisdiction over his seized property. *See also* NRS 179.015–179.1235 (2006 & 2007 Supp.) (Nevada statutory scheme for search warrants and forfeitures). Among those provisions, section 179.105 is particularly instructive on the jurisdictional question before the Court. It provides, in part: "All property or things taken on a warrant must be retained by an officer in his custody, *subject to the order of the court* to which he is required to return the proceedings before him, or of any other court in which the offense in respect to which the property or things are taken is triable." NRS 179.105 (2006) (emphasis added). Proximate statutes provide that a search warrant "may be issued by a magistrate of the State of Nevada[,]" and "must designate the magistrate to whom it is to be returned." NRS 179.025, 179.045(7). Section 179.075 provides that "[t]he warrant may be executed and returned only within 10 days after its date. . . . The return shall be made promptly and shall be accompanied by a written inventory of any property taken." NRS 179.075(1), (3).

In accordance with the above provisions, the Nevada state court issued the warrant now before this Court, which directs law enforcement officers to search for particular evidence in violation of NRS 207.195 and to make a return before him within 10 days. (Attach. to Ex. A of Dkt. #4.) Section 179.105 provides that from the time of seizure, the property "must be retained by

1  an officer in his custody, subject to the order of the court to which he is required to return the
2  proceedings before him, or of any other court in which the offense in respect to which the property
3  or things are taken is triable." NRS 179.105. Carrington's seized property is thus subject to the
4  order of the Eighth Judicial Court in Clark County, or of any other court in which Carrington could
5  be tried for the suspected offense at issue. Although LVMPD claims a criminal investigation of
6  Carrington is ongoing, (Dkt. #13, Opp'n 2), LVMPD makes no claim that Carrington's alleged
7  offense is triable before this Court. Indeed, neither party has alleged that a criminal information or
8  indictment has been filed, or that a complaint for forfeiture has been filed.[1] Therefore the res at
9  issue remains subject to the order of the state court. Indeed, before LVMPD removed the case to
10 this Court, the state court issued an order regarding the issue at hand: it granted Carrington's Ex-
11 Parte Motion for an Order Shortening Time on his Motion for Return of Seized Property and set a
12 hearing on that Motion. (*See* Dkt. #8, Order 3.) The Court finds that although it would otherwise
13 have federal question jurisdiction over this case, the rule against concurrent in rem jurisdiction
14 precludes it from exercising jurisdiction here.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Carrington's Motion for Reconsideration (#9) is GRANTED. The Court's prior Order (#8) is VACATED, and this case is REMANDED to the Eighth Judicial Court of Clark County, Nevada.

Dated: August 24, 2009.

_____
ROGER L. HUNT
Chief United States District Judge

---

[1] LVMPD does allege "upon information and belief" that "administrative forfeiture proceedings have commenced on the property," but offers no reliable evidence of such proceedings. (Dkt. #11, Opp'n 6.) LVMPD's claim is insufficient to overcome "[t]he 'strong presumption' against removal jurisdiction" under which "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

4